KERNEN v RENDZIPERIS

1. DISCOVERY—DEPOSITION—EXPERT WITNESSES—DISCRETION.
   Discovery and deposition of expert witnesses is a matter for the trial court's discretion, not a matter of right.

2. DISCOVERY—INTERROGATORIES—EXPERT WITNESSES—TIMELY MOTION—NEED FOR DISCOVERY.
   Denial of a defendant's motion to compel more specific answers to an interrogatory to plaintiff, seeking identification of the expert witnesses plaintiff would call in a suit for malpractice, was error where the trial judge manifested a policy of never allowing discovery of names of expert witnesses and the grounds for their testimony, the discovery motion was timely made, and the defendant showed a need for the discovery to adequately prepare for trial.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 May 14, 1975, at Lansing. (Docket No. 22401.) Decided June 24, 1975.

Complaint by Donald C. Kernen against Nicholas C. Rendziperis, M.D., and Pontiac General Hospital for damages for medical malpractice. Defendant Rendziperis' motion to compel more specific answers to interrogatories denied. Defendant Rendziperis appeals by leave granted. Reversed.

*Paul G. Valentino, P. C.,* for plaintiff.

*Sullivan, Ranger, Ward & Bone, P. C.,* for defendant Dr. Rendziperis.

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Depositions and Discovery §§ 3, 149, 164, 210.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 287, 289, 291.
Time for filing and serving discovery interrogatories. 74 ALR2d 534.

Before: Quinn, P. J., and Bronson and N. J. Kaufman, JJ.

N. J. Kaufman, J. This is an interlocutory appeal by defendant, Dr. Nicholas C. Rendziperis[1] from an October 23, 1974 order of the Oakland County Circuit Court which denied defendant's motion to compel answers to certain of his interrogatories. We granted leave to appeal and a stay of the proceedings pending disposition of the appeal. This action commenced May 16, 1974. Defendant answered within the time limit set by statute and, at the same time, served interrogatories on plaintiff. Interrogatory 41 asked:

"State the name, address and identification of each and every expert you will swear at trial who will testify that the prescription of Dr. Rendziperis in connection with physical therapy for the plaintiff herein was improper or violative of the standard of care."

Plaintiff answered that interrogatory: "Ask my attorney."

Defendant was not satisfied and moved for an order to compel plaintiff to answer the interrogatory as posed. This motion was heard on September 25, 1974. At the hearing, in denying the motion, the trial judge stated:

"I think it is an improper tool. *I think the only way in which you can get that relief is at a pretrial conference.* Then it is within the discretion of the Court in a particular case whether he gives that relief. Ordinarily, in most places in this circuit, and particularly in my court, *I don't give that relief.* I don't think it is fair. I don't think it is just in the ordinary case.

"I reserve the right to rule on it in the appropriate

---

[1] This appeal is made by only one of the two defendants, Dr. Rendziperis, whom we will refer to as defendant.

case when it is presented at the proper time, but an interrogatory is not the right place. He answered that properly in my opinion. It is not the function of the client to determine what experts will be called. That is the function of the lawyer." (Emphasis supplied.)

The problem presented by this denial is that the trial judge, two months earlier, had also denied defendant's motion for a pretrial conference under the Oakland County Circuit Court rules.

On October 23, 1974, the trial court entered an order denying defendant's motion to compel more specific answers to this interrogatory. From this order, defendant appealed. We reverse and order the plaintiff to answer the interrogatory of October 8, 1974, *supra,* under GCR 1963, 820.1(7).

Defendant relies on the case of *Roe v Cherry-Burrell Corp,* 28 Mich App 42; 184 NW2d 350 (1970), as authority for requiring the trial court to compel plaintiff to answer the challenged interrogatory. In *Roe,* the defendant sought to depose the expert witnesses which plaintiff stated he intended to call at trial. The trial court denied defendant's motion. In reversing the trial court, this Court adopted as a rule FR Civ P, 26(b)(4). That rule enables a party by means of interrogatories, to require the adverse party to identify each expert witness to be called at trial and "to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion". The Federal rule also specified a procedure by which, pursuant to a court order, the expert's oral deposition may be taken.

Plaintiff cites the Michigan Supreme Court case of *Klabunde v Stanley,* 384 Mich 276; 181 NW2d 918 (1970), as authority for the theory that expert opinion testimony is not, in any case, discoverable prior to trial. Alternatively, plaintiff claims that, if

such testimony is discoverable, the trial court's refusal to compel plaintiff to answer defendant's interrogatories was a valid exercise of the court's discretion.

We do not agree with plaintiff's contention that *Klabunde* makes expert testimony nondiscoverable. The Supreme Court in *Klabunde* gave two reasons for reversing a Court of Appeals' order requiring plaintiff to name its expert witnesses, limiting plaintiff to those witnesses named, and allowing for deposing of those witnesses: (1) the request was too late, some 5 years after the suit had been commenced, and (2) lack of showing by the movant of a need for discovery deposition. The Court stated:

> "We do not decide whether in a proper case the testimony of an expert may not be compelled in a pretrial discovery order * * * ; all we say here is that, under the circumstances of this case, denial of the requested discovery, sought as a matter of right, was not an abuse of the trial court's discretion." *Klabunde, supra,* at 282–283.

Thus, *Klabunde* altered *Roe v Cherry-Burrell* to make discovery and deposition of expert witnesses a matter for trial court discretion, not a matter of right. We find, in the instant case, that it is unclear whether the trial court exercised any discretion and, if it did, it abused its discretion. The trial judge, through his words and actions, manifested a policy of never allowing discovery of names of expert witnesses and grounds for their testimony. In response to defendant's inquiry as to when such information could be obtained prior to trial, the trial judge responded: "In my court never. In no cases are you required to do so. It's not fair. So that answers that question."

Under the *Klabunde v Stanley, supra,* opinion, defendant has made out a case for our granting his requested relief. His discovery motion was timely made. The "need" required by *Klabunde* is met by the basic requirements of adequate preparation for a trial which such preparation can greatly expedite. As this Court, on rehearing and affirming its earlier decision in *Roe v Cherry-Burrell Corp, supra,* 28 Mich App at 52–53, after the *Klabunde* decision was released, stated:

"Advance disclosure facilitates preparation for trial and realistic appraisal by both sides of the strengths and weaknesses of their cases. It promotes settlements. It shortens the time required to try a case.

\*     \*     \*

"If surprise is eliminated the trial will better reflect the true strengths of the conflicting claims. The adversary system is valued not for the contest but because it is believed truth will survive and emerge from the clash of competing presentations. The greatest of champions may be felled by an unforeseen blow. The more complete the advance disclosure, the greater the likelihood that the true merits will be hammered out at the trial.

"Pretrial discovery is time consuming and can be costly. It can be abused, and trial judges should be quick to relieve against harassment in the name of discovery. It should also be recognized, however, that uncertainty whether discovery will be compelled encourages litigants to resist discovery until they are obliged to submit. Properly employed, discovery conserves judicial resources—by facilitating settlement and by shortening the time it takes to try a case properly prepared for trial. Much of what is laboriously brought out during a trial could be covered by stipulation based on the results of pretrial discovery; by narrowing the disputed issues, this would increase the impact of the competing presentations on the points in dispute."

The decision on rehearing in *Roe v Cherry-Bur-*

*rell, supra,* was by a 2–1 majority, with Judge HOLBROOK dissenting. The continuing vitality of the policy reflected in the *Roe* decision is made apparent by the recent Supreme Court decision in *Daniels v Allen Industries, Inc,* 391 Mich 398; 216 NW2d 762 (1974). There, the Court cited *Roe* with approval, 391 Mich 398, 414 n 8, and stated:

"Again, we strongly reaffirm our clear public policy favoring a broad and effective pretrial discovery. All of the preceding policy and legal arguments must be viewed in light of that overriding concern." *Id* at 412.

Reversed. Costs to defendant.